## UNITED STATES of America, Appellee

v.

## Debra WALDROP, Appellant.

### No. 03-3128.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2005.

Barbara J. Valliere, William Barrett Wiegand, III, John Philip Dominguez, John Robert Fisher, Assistant U.S. Attorneys, U.S. Attorney's Office, Criminal Appellate, Washington, DC, for Appellee.

Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Civil Appellate, Kristina L. Ament, U.S. Department of Justice, Organized Crime & Narcotics, Joseph Roll Conte, Law Office of Joseph R. Conte, Washington, DC, for Appellant.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has determined that the issues presented occasion no need for an opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED that the order of the District Court be affirmed for the following reasons.

The defendant argues that the district court erred in declining to apply Section 5C1.2 of the U.S. Sentencing Guidelines (the "safety valve") in determining her sentence. That provision allows a court to disregard any statutory minimum if, among other things, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct." Following her arrest for the sale of narcotics, Ms. Waldrop initially was cooperative and forthcoming about her guilt. At the outset of Waldrop's plea hearing, the government stated that, *"without forcing me to take a final position* right now, I believe Ms. Waldrop does qualify for treatment under 5C1.2." 4/10/03 Tr. at 11–12 (emphasis added). The trial judge also stated that "what the government is saying now ... does not govern the outcome." *Id.* At that point, neither the court nor the government had committed to a particular position regarding the safety valve.

Later, during the plea hearing, Waldrop stated that her husband "had nothing to do with this.... He wasn't even there...." *Id.* at 24. In light of the police reports and planned testimony from an undercover officer indicating that Waldrop's husband

was not merely present but actually involved in the drug transactions, there was ample evidence to support a finding that Waldrop was not speaking "truthfully" at this point. The government, not having committed or bound itself in any way to a position on Waldrop's safety-valve eligibility, argued at sentencing that her insistence upon her husband's innocence disqualified her from receiving the benefits of that provision. 9/11/03 Tr. at 3–4. The burden was on Waldrop to show that she qualified under § 5C1.2. *United States v. Mathis*, 216 F.3d 18, 29 (D.C.Cir.2000). After conducting a hearing, the court agreed with the government that Waldrop failed to carry this burden. The court's judgment is amply supported by the evidence, and the finding upon which it rests certainly is not clearly erroneous.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.